UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                    :
UNITED STATES                                       :
                                                    :          S5 11 Cr. 1032 (PAE)
                           -v-                       :
                                                    :          OPINION & ORDER
CARLOS URENA and LIMET VASQUEZ,                     :
                                                    :
                                     Defendants.    :
                                                    :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On March 23, 2014, the Government filed a motion *in limine*, seeking to limit the

defense's cross-examination of a prospective witness, Samuel Fernandez.  Dkt. 1057.  After a

brief colloquy on the record, the Court directed the Government to submit a supplemental letter,

expanding on the issues addressed in its letter, and addressing questions the Court had raised

about the legal status under Federal Rule of Evidence 609 of several prior arrests.  On March 26,

2014, the Government filed a supplemental letter.  Dkt. 1061.  With this letter, the Government

has clarified that it seeks to preclude the defense from cross-examining Fernandez about a

specified set of "prior bad acts for which he was arrested and which have no bearing on his

credibility or this case."  *Id.*  On March 31, 2014, defendant Carlos Urena submitted a letter

opposing the Government's motion.  Dkt. 1064.

The Government's motion is granted in part and denied in part.

I.      **Background**

At the outset, the Court will narrow the issues in dispute.  Urena represents that he does

not seek to inquire into either Fernandez's (1) conviction for disorderly conduct in 2002; or

(2) arrest for driving with a suspended license in 2006.  For its part, the Government does not

seek to preclude Urena from cross-examining Fernandez about (1) his conviction for possession

of a controlled substance with the intent to sell in the Third Degree on November 5, 2007; or

(2) his conviction for Fraudulent Accosting on December 14, 2012, or the conduct underlying

this conviction.

The parties therefore dispute whether Urena may cross examine Fernandez regarding the

following six prior acts:

1. A January 31, 2004 assault of two individuals for which Fernandez was arrested.  The case was dismissed.

2. A March 14, 2004 assault of an individual where Fernandez allegedly stabbed the victim in the chest and hit the victim with a beer bottle.  Fernandez was arrested and apparently adjudicated as a juvenile, but no arrest or conviction appears on his record.

3. A September 1, 2004 assault of an individual who was punched in the head.  The case was dismissed.

4. A March 17, 2006 arrest for possession of marijuana.  Fernandez pled guilty to a Class B Misdemeanor and was sentenced to time served.

5. A May 1, 2006 arrest for possession of over 25 grams of marijuana.  Fernandez pled guilty to a Class B Misdemeanor and was sentenced to a conditional discharge.

6. A December 6, 2012 arrest in connection with a domestic violence incident, where Fernandez was accused of threatening his girlfriend with a knife and striking her in the face.  The case was dismissed.

The Government has proffered that Fernandez will testify about an incident in which a group of

individuals assaulted him.  Fernandez will identify two of these individuals as defendant Carlos

Urena and "Wilson," whom the Court understands to be Wilson Espinosa ("Boquita"), who is

now deceased, but whom the Government claims had been a member of the Trinitarios Gang.

## II.     Discussion

Under Federal Rule of Evidence 609, a witness's character for truthfulness may be

attacked "by evidence of a criminal conviction:  (1) for a crime that, in the convicting

jurisdiction, was punishable by death or by imprisonment for more than one year . . . ; and (2) for

any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving . . . a dishonest act or false statement."

In this case, only two of the six contested acts resulted in convictions at all:  Fernandez's March 17, 2006 conviction for possession of marijuana; and his May 1, 2006 conviction for possession of marijuana.  Neither meets the requirements of Rule 609.  Because possessing marijuana does not involve dishonesty or a false statement, the convictions are not admissible under Rule 609(a)(2).  *See United States v. Estrada*, 430 F.3d 606, 616 n.3 (2d Cir. 2005) (stating that that section was intended to cover only convictions "peculiarly probative of credibility" such as those for "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense").  And, because both of Fernandez's marijuana convictions were misdemeanors, they were not punishable by death or imprisonment in excess of one year, and thus are not admissible under Rule 609(a)(1).  Accordingly, evidence of Fernandez's two convictions is not admissible under Rule 609(a).

The more difficult question is whether the defense may cross-examine Fernandez as to the facts underlying these six offenses.  Under Rule 608(b), a court may allow, on cross-examination, a party to inquire into "specific instances of a witness's conduct" that are "probative of the [witness's] character for truthfulness or untruthfulness."

Urena's theory of relevance for these six acts appears to be that they support an argument that Fernandez was, at the time of his alleged assault, a member of either a rival gang to the Trinitarios, or a competitor in the sale of marijuana, and that he therefore has a motive to lie in order to get back at Urena.  According to Urena, the Government's motion, if granted in full, would serve "to cleanse" Fernandez in a way that would be misleading to the jury.

In assessing this theory, it would have been useful to know when the assault on Fernandez is alleged to have occurred, but neither the Government nor the defense armed the Court with this fact.  However, because prior testimony at trial has revealed that Boquita was murdered—allegedly by Juan Anderson ("Gualla")—in 2006, the Court can safely assume that the alleged assault of Fernandez by Boquita and Urena occurred sometime in or before 2006.

The Court is persuaded by Urena's argument, to this extent:   The jury should be able to consider, in assessing Fernandez's credibility, whether, at the time of his alleged assault, Fernandez was a rival gang member to Boquita or Urena, or a competitor in the sale of narcotics. There is a modest degree of probative value to this inquiry.  Fernandez's status as a gang or narcotics-distribution rival conceivably may make him more prone to exaggerate or concoct a claim against an alleged leader of the Trinitarios Gang, such as Urena, than would be, for example, a civilian without any gang affiliation.  Certainly the evidence at trial, to date, has underscored the murderous depth of the Trinitarios Gang's rivalries with its competitors, such that the defense may validly argue that the incriminating testimony of a rival gang member ought be viewed with a degree of suspicion.  Inquiry into the circumstances of these acts, to the extent such inquiry tends to reveal gang affiliation or status as a narcotics distribution rival, is therefore permissible.  To permit the jury to be left with the impression of Fernandez as an innocent victim of a gang assault, if his acts are consistent with those of gang or narcotics distribution rival, would be potentially misleading.

At the same time, salacious probing of Fernandez's prior bad acts of assault or narcotics distribution, in a manner that does not seek to establish gang affiliation or rival status, is not permissible.  The mere fact of engaging in such conduct, which by its nature is not inherently indicative of dishonesty, would not bear on Fernandez's credibility in this trial.  The Court also

admonishes defense counsel that it expects inquiry into such prior conduct to be efficient.  The Court does not expect the cross-examination into these instances of prior conduct to take up much of the jury's time.  Counsel for Urena is directed to make the inquiry quick and to the point.  Extended inquiry into these subjects would present a substantial risk of delay and, potentially, confusion, which under Federal Rule of Evidence 403 might come to overwhelm the modest probative value of Fernandez's prior conduct.

Accordingly, counsel for Urena may inquire, consistent with Rules 608(b) and 403, into instances of prior bad acts by Fernandez that are consistent with activity as a rival gang member to the Trinitarios or the sale of marijuana as a rival distributor to the Trinitarios—namely, the assaults on January 31, 2004, March 14, 2004, and September 1, 2004; and the possession of marijuana on March 17, 2006 and May 1, 2006.  Counsel is instructed, however, to focus on the aspects of these actions that are indicative of rival conduct to that of the Trinitarios, and not to focus on these acts as freestanding bad acts.  As to the offenses which led to arrests but not convictions, counsel are directed not to elicit the fact of the arrest, which is itself irrelevant.  As to the offenses that led to convictions, counsel may elicit the fact of such a conviction *only* inf the witness denies the underlying conduct.

Urena may not, however, inquire into the circumstances of Fernandez's December 6, 2012 domestic violence arrest, or the conduct underlying it.  This incident is remote in time to the alleged assault at issue.  Further, Urena does not explain how this incident is in any way probative of Fernandez's character for truthfulness or untruthfulness.  *See United States v. Jeffers*, 402 F. App'x 601, 603 (2d Cir. 2010) (affirming district court's decision to preclude acts of domestic violence because they did not bear on witness's credibility).  Unlike the assaults and narcotics offenses described above, Fernandez's alleged domestic violence has no plausible

nexus to competing gang activity that might tend to color his testimony against a Trinitarios-affiliated defendant.

The Government's motion is therefore granted in part and denied in part.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 1, 2014
       New York, New York

6