UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CARLOS URENA,

                Defendant.

11-CR-1032-04 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

      The Court has received the attached letter from defendant Carlos Urena, inquiring why his sentence for offenses including murder in aid of racketeering was life imprisonment when defendants in a 1994 case received sentences short of life imprisonment.  As the Court explained at length at Mr. Urena's sentencing, life sentence in his case was mandated by the murder in aid of racketeering statute, although the Court independently found such a sentence warranted in light of the 18 U.S.C. § 3553(a) factors.  It is not the Court's role to assess, long after a sentencing, how the facts of the defendant's case, and the application of the factors relevant to sentencing to his case, compare to the facts and sentencing factors in other cases.  Mr. Urena may wish to examine the transcripts of the sentencing hearings in the other case about which he inquires to the extent he wishes to understand better the bases for the sentences imposed there.  The Court directs Mr. Urena's counsel, Gregory Cooper, Esq., to mail Mr. Urena a copy of this Court's order, at the new address supplied in his letter.

SO ORDERED.

                                                              *Paul A. Engelmayer*
                                                              PAUL A. ENGELMAYER
                                                              United States District Judge

Dated: November 19, 2020
           New York, New York

Rec'd w/rsp
my

18-CV-09995
11-Cr-1032

Dear Judge Engelmayer,

I hope that when this note gets to your hands you are doing well.

Judge I'm sending this note to let the court know that I'm in a different jail now (U.S.P. Canaan, P.O. Box: 300 Waymart, PA, 18472). I'm also sending you some thing I wanted to bring to your attention from the Rodriguz and Camacho Case.

I also want to ask you judge, how is it that Rodriguez and Camacho got the same chargers (P.25.25-N.Y.P.L.) as me and they are acuse of two murders and one atemp and I only got one murder in my chargers. they got each 20+5 years and I got life.

How is that the law works in this situation. because I don't get it.

Have a nice day judge.

Att: 660-80-054
Carlos Ureña

This is some of the the things you can find in the case of: U.S. v. Jaime Rodriguez and Steven Camacho 94Cr.313(CSH) 2020 U.S. Dist. Lexis 66715.

- "Substantive crimes are charge in Counts Tow, Thee and four of the indictment. The question is whether They Constitute 'Crime of violance' Which fall withing the element clause of 924(c), That being The portion of the firearms statute which retains a Post Davis Contitutional validity. Those substantive crimes are alleged violation of the New York Penal Law. The criminalization of state offenses in a federal statute such as the firearm law depend upon the elements specified in the relevant state Criminal laws. See., g. Boykin 2020 U.S. Dist. Lexis 27317, 2020 WL 774293, at *6 (For purposes of The RICO statute, 18 U.S.C. 1959 (a)(1) What the federal statute criminalizes is behavier That qualifies as 'murder' under state law. That is why Count four alleges That The murder of Lamont Young Violated NY Penal law 125.25 and NY Penal Law 20.00)

- If under New York law, the use of physical force (actual, attempted or threatened) is not a neccessary element of the crime; of the crime of second degree murder (actual or attented) it would fallow that second degree murder as defined by the New York Penal Law is not categorically a "crime of violence" as defined by the federal firearms statute. Such a conclution would riquire vacatur of These defendant's firearms conviction and sentences.

- This Principles and their application are illustrated by a consistent line of case. In United States v. Begay, 934 F.3d 1033 (9th Cir. 2019), The defendant was convicted of second degree murder under the federal murder statute and was also convicted of discharging a firearm "during a crime of violence" 18 U.S.C 924(c) 934 F.3d at 1038. The defendant havin argued on appeal that "second degree murder does not qualify as a "crime of violence" The ninth Circuit said that "we do not look to the facts underlying The conviction, but compare the elements of the statute forming the basis of the defendant's

With the elements of a "crime of violence" - The defendant's crime can not be categorical "crime of violence if the conduct proscribed by the statute of conviction is broader than the conduct encompassed by the statutory definition of a "crime of violence"... Accordingly, we compare the elements of U.S.C. 1111, the second degree murder statute, to the definition of a "crime of violence" found in 924(c)(3)... Because the Supreme Court declared 18 U.S.C. 924(c)(3)(B) unconstitutionally vague in United States v. Davis we need only determine whether second-degree murder constitutes a crime of violence under the "elements clause" in subsection (A) Second-degree murder does not constitute a crime of violence under the elements claus 18 U.S.C. 924(c)(3)(A) because it can be commited recklesly...

*[signature]*

Carlos Ureña #660-80-054
18-CV-09995
11-CR-1032



LEHIGH VALLEY PA 180
16 NOV 2020 PM 4

Rec'd 11/18/20

Honorable:
Paul A. Engelmayer
U.S. District Court Judge
Southern District of New York
40 Foley Street
New York, NY 10007

Carlos Ureña #660-86-054
U.S.P Canaan
Smart Communication
P.O. Box : 30
Pinelas Park, Fl 33781

THIS CORRESPONDENCE IS FROM AN INMATE CURRENTLY IN THE CUSTODY OF THE FEDERAL BUREAU OF PRISONS